UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY CARO,<br><br>                       Plaintiff,<br><br>-v.-<br><br>LJB FACILITIES MANAGEMENT LLC,<br>                       Defendant. | 23 Civ. 3513 (JHR) (KHP)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

      Plaintiff Randy Caro, acting *pro se*, brings this action against LJB Facilities Management LLC for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 *et seq.* ECF No. 1 (Compl.) at 3, 4. In essence, Plaintiff appears to assert claims of race- and sex-based discrimination and harassment against Defendant. Compl. at 3, 6. Before the Court is the Report and Recommendation of Magistrate Judge Katharine H. Parker recommending that the Court grant Defendant's motion to dismiss without prejudice. ECF No. 35 at 1. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Parker's recommendation.

## BACKGROUND[1]

      Plaintiff commenced this action on April 26, 2023. The Complaint named LJB Facilities Management LLC as Defendant. Compl. at 1. On April 28, 2023, the Honorable Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 3. On November 16, 2023, the case was assigned to this Court. The Court referred the case to Judge Parker for

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 35.

general pretrial purposes and for a Report and Recommendation on dispositive motions.  ECF No. 5, 23.  On January 24, 2024, Judge Parker issued an Order of Service.  ECF No. 7.  On February 28, 2024, Defendant appeared, ECF No. 11, and acknowledged service, ECF No. 12.

On April 29, 2024, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss Plaintiff's Title VII claims for failure to exhaust administrative remedies.  ECF No. 20 at 8-9.  On May 20, 2024, Plaintiff filed a letter providing a copy of his Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC"), stemming from Plaintiff's underlying charge of discrimination filed with the EEOC.  ECF No. 30.  Plaintiff did not file any substantive opposition to the motion to dismiss, despite Judge Parker informing him at a May 7, 2024 conference that his "opposition to the motion should be filed by . . . May 29," ECF No. 33 at 9.  On June 12, 2024, Defendant filed a reply memorandum of law in further support of its motion to dismiss.  ECF No. 31.

On November 4, 2024, Judge Parker issued an 18-page Report and Recommendation recommending that "Defendant's Motion to Dismiss be GRANTED without prejudice."  ECF No. 35 at 1.  The Report and Recommendation notified the parties that "**Plaintiff shall have seventeen days, and Defendant[] shall have fourteen days, from the service of this Report and Recommendation to file written objections**."  *Id*. at 17.  The Report and Recommendation also cautioned that "**failure to file these timely objections w[ould] result in a waiver of those objections for purposes of appeal**."  *Id.* at 18.  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

2

U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "**result in a waiver of those objections for purposes of appeal**," ECF No. 35 at 18, neither party filed any objections to the Report and Recommendation.  Thus, Plaintiff and Defendant waived the right to judicial review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is well reasoned and grounded in fact and law.

For the foregoing reasons, Defendant's motion to dismiss is granted, and this action is dismissed without prejudice.  The Court declines to exercise jurisdiction over Plaintiff's New York City law claims.

The Clerk of the Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 31, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge

4