UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY CARO, | |
| Plaintiff, | 23 Civ. 3513 (JHR) (KHP) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| LJB FACILITIES MANAGEMENT LLC, | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

      Plaintiff Randy Caro, acting *pro se*, brings this action against LJB Facilities Management LLC for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq*. ECF No. 1 (Compl.) at 3, 4. Plaintiff commenced this action on April 26, 2023. Compl. at 1. On April 28, 2023, the Honorable Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 3. On November 16, 2023, the case was assigned to this Court. The Court referred the case to Magistrate Judge Katharine H. Parker for general pretrial purposes and for a Report and Recommendation on dispositive motions. ECF No. 5, 23.

      On April 29, 2024, Defendant moved to dismiss the Complaint. ECF No. 19. Plaintiff did not file any substantive opposition to the motion. On June 12, 2024, Defendant filed a reply memorandum in further support of its motion to dismiss. ECF No. 31.

      On November 4, 2024, Judge Parker issued a Report and Recommendation recommending that "Defendant's Motion to Dismiss be GRANTED without prejudice." ECF No. 35 at 1. No objections were filed. On March 31, 2025, the Court "adopt[ed] Judge Parker's recommendation," ECF No. 37 at 1, granted Defendant's motion to dismiss "without prejudice," "decline[d] to exercise jurisdiction over Plaintiff's New York City law claims," and directed the

Clerk of Court to close the case, *id*. at 3-4.  That same day, the Clerk of Court entered judgment at ECF No. 38.

Before the Court is a Report and Recommendation from Judge Parker recommending that the Court reopen the case, vacate the Clerk of Court's judgment, and allow Plaintiff to file an Amended Complaint.  ECF No. 40 at 1.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Parker's recommendation.

## BACKGROUND[1]

On April 11, 2025, Plaintiff requested that the Court "reconsider the Order, dated March 31, 2025 (ECF 37) insofar as the Clerk of Court was directed to close the case," and that "the Clerk's Judgment (ECF 38) be vacated, [Plaintiff's] case be reopened, and a new order be entered allowing [Plaintiff] to amend [his] [C]omplaint or seek leave to amend [his] [C]omplaint."  ECF No. 39.

On April 18, 2025, Judge Parker issued a Report and Recommendation recommending that "the case be re-opened and that the judgment be vacated, and . . . that Plaintiff be permitted to file an Amended Complaint within 30 days of the case being re-opened."  ECF No. 40 at 1. Judge Parker "further recommend[ed] that if Plaintiff does not file an amended pleading within that 30-day period, the case be closed and judgment re-entered on behalf of Defendant."  *Id*.  The Report and Recommendation notified the parties that "**Plaintiff shall have seventeen days, and Defendant shall have fourteen days, from the service of this Report and Recommendation to file written objections**."  *Id*. at 2.  The Report and Recommendation also cautioned that

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation at ECF No. 35, is assumed.

"**failure to file these timely objections w[ould] result in a waiver of those objections for purposes of appeal**." *Id*. No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is, "upon review of the entire record, . . . left with the definite and firm conviction that a mistake has been committed." *Betancourt-Algarin v. Kijakazi*, No. 20 Civ. 9327 (GBD) (BCM), 2022 WL 3867851, at *1 (S.D.N.Y Aug. 30, 2022) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Notwithstanding a direct warning that a failure to file objections would "**result in a waiver of those objections for purposes of appeal**," ECF No. 40 at 2, neither party filed any objections to the Report and Recommendation. Thus, the right to judicial review has been waived. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d

Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is well reasoned.

For the foregoing reasons, the Clerk of Court is directed to reopen this case and vacate the judgment at ECF No. 38, and to mail a copy of this Order to Plaintiff.  Plaintiff is permitted to file an Amended Complaint within 30 days of this case being reopened.

If Plaintiff does not file an amended pleading within that 30-day period, the case will be closed and judgment re-entered on behalf of Defendant.

SO ORDERED.

Dated: May 16, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge